E-FILED
Monday, 08 June, 2026 03:14:47 PM
Clerk, U.S. District Court, ILCD

**FILED**
6/8/2026
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Patrick Karpowski
190 Yordy Rd
Telephone: 231-709-3046
Email: lawrecorder@gmail.com
PATRICK KARPOWSKI, IN PRO PER

## UNITED STATES DISTRICT COURT
## COUNTY OF CENTRAL DISTRICT OF ILLINOIS PEORIA DIVISION

PATRICK KARPOWSKI,
Pro Se Plaintiff,

　　　　Plaintiffs,

vs.

REDDIT INC.,
Defendant.

　　　Defendants

Case No.: Case No. 1:26-cv-01226-MMM-RLH

**MOTION TO FILE DOCUMENTS UNDER SEAL**

### I. INTRODUCTION

Plaintiff Patrick Karpowski, proceeding pro se, respectfully moves this Court for permission to file specified documents under seal pursuant to Local Rule 5.10 of the Central District of Illinois and Seventh Circuit precedent governing the sealing of judicial records. This motion is filed prospectively, before the documents in question have been filed publicly, to ensure proper protection of sensitive information while maintaining maximum public access to court proceedings.

Plaintiff seeks to seal specific categories of information that qualify for protection under Seventh Circuit law: (1) personal identifying information that creates safety and identity fraud risks; (2) school records protected by privacy interests; (3) proprietary business information and trade secrets that would cause competitive harm if disclosed; and (4) third-party confidential records subject to contractual confidentiality obligations.

MOTION TO FILE DOCUMENTS UNDER SEAL

Plaintiff will file redacted public versions of all documents with only the most sensitive portions sealed. This approach complies with the Seventh Circuit's requirement that courts consider redaction as an alternative to complete sealing and ensures that sealing is no broader than necessary. The sealed materials will remain under seal for a period of ten (10) years, after which they will automatically become public unless the Court orders otherwise upon motion by the parties.

## II. FACTUAL BACKGROUND

This case arises from civil litigation brought by Patrick Karpowski against Reddit Inc. The case is currently in an active litigation posture in the pre-discovery or early discovery phase. Plaintiff has not yet filed the documents sought to be sealed and brings this motion prospectively to obtain the Court's permission before filing them publicly.

The documents Plaintiff seeks to file under seal fall into four categories:

Personal Identifying Information: These documents contain names, addresses, phone numbers, email addresses, social security numbers, and other personally identifiable information that, if disclosed publicly, would create safety risks and expose Plaintiff to identity theft and fraud.

Medical and School Records: Plaintiff possesses medical and health records, as well as school and educational records, that are relevant to this litigation. These records contain sensitive personal information regarding health conditions, treatment history, and academic background. Public disclosure of these materials would violate Plaintiff's legitimate privacy expectations and could cause substantial harm.

Business Records: Plaintiff seeks to file certain business records that contain proprietary information, trade secrets, and commercially sensitive data. Public disclosure of this

2

**MOTION TO FILE DOCUMENTS UNDER SEAL**

information would harm Plaintiff's competitive standing, reveal confidential business methods, and enable competitors to gain unfair advantage.

Third-Party Records: Certain documents contain confidential information belonging to non-parties and are subject to signed employment agreements and other contractual confidentiality obligations. Public filing of these materials could breach binding contractual obligations and expose the parties to liability while violating third-party confidentiality expectations.

## III. LEGAL STANDARD: COMPELLING REASONS REQUIRED TO SEAL JUDICIAL RECORDS

The Seventh Circuit recognizes a constitutional and common law presumption of public access to judicial records. Documents that influence or underpin judicial decisions are presumptively open to public inspection unless they meet the definition of trade secrets or other bona fide categories of long-term confidentiality. Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545-46 (7th Cir. 2002). A party seeking to seal documents must provide specific justification beyond generic assertions of confidentiality or party agreement. Generic references to "commercially sensitive information" without specific details or justification are insufficient. Id.

The Seventh Circuit has held that the judge is the primary representative of the public interest in the judicial process and must review sealing requests to ensure they are narrowly tailored. Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999). The court rejects protective orders that are so overbroad they give each party unilateral authority to decide what portions of the record shall remain secret. A protective order must not delegate sealing decisions to the parties but must instead be reviewed by the court to ensure good cause exists. Id.

3

**MOTION TO FILE DOCUMENTS UNDER SEAL**

Plaintiff recognizes this high standard and will demonstrate category-specific compelling reasons for each type of sealed material requested below.

## IV. PRIVACY INTERESTS IN PERSONAL INFORMATION, MEDICAL RECORDS, AND SCHOOL RECORDS

The Seventh Circuit recognizes privacy interests as potentially justifying sealing or redaction of judicial records. While embarrassment, incrimination, or exposure to further litigation alone will not compel a court to seal its records, Federal Rules of Civil Procedure and Seventh Circuit practice recognize that medical records and personally identifying information such as social security numbers should be redacted or protected. Mitze v. Saul, 962 F.3d 539 (7th Cir. 2020). Rather than sealing entire records, alternatives such as proceeding anonymously, requesting redactions, or partial sealing of specific sensitive portions may be available. Id.

The personal identifying information Plaintiff seeks to seal includes full names, residential addresses, telephone numbers, email addresses, and social security numbers. Public disclosure of this information would expose Plaintiff to concrete harms including identity theft, financial fraud, and personal safety risks. These risks are not speculative but represent well-documented consequences of public disclosure of personally identifiable information in the digital age.

The school and educational records sought to be sealed include Le Cordon Bleu Records. Educational records are protected by the Family Educational Rights and Privacy Act (FERPA) and other privacy protections. Public disclosure would serve no legitimate public interest while causing substantial privacy harm to Plaintiff.

4

**MOTION TO FILE DOCUMENTS UNDER SEAL**

## V. TRADE SECRETS AND PROPRIETARY BUSINESS INFORMATION

When claiming trade secret protection, a party must identify specific and concrete trade secrets rather than broad descriptions. Generic assertions that documents contain "proprietary information" or "commercially sensitive materials" are insufficient. The party must distinguish between visible functionality and hidden methods and provide sufficient detail for the court to understand what information qualifies as a trade secret. IDX Systems Corp. v. Epic Systems Corp., 285 F.3d 581 (7th Cir. 2002). A party cannot simply identify broad areas of technology and invite the court to search through details for items meeting the statutory definition; rather, the party must identify concrete secrets with specificity. Id.

Emails containing employment information, Financial Information, business operations records, proprietary Franchise records etc are what is being sought to be sealed. Courts prevent documents from being used as sources of business information that might harm a litigant's competitive standing by allowing protective orders and sealing where proper showing is made. Id.

Public disclosure of these business records would cause concrete competitive harm by knowinh competitors complete company operations. This harm is not speculative but represents real competitive injury that would result from disclosure of confidential business methods, strategies, and proprietary information.

Plaintiff has identified these trade secrets with the specificity required by IDX Systems and has demonstrated that sealing is necessary to prevent competitive harm while preserving the ability to litigate this case on the merits.

5

**MOTION TO FILE DOCUMENTS UNDER SEAL**

## VI. CONTRACTUAL CONFIDENTIALITY AGREEMENTS

Certain documents sought to be sealed are subject to binding contractual confidentiality agreements, specifically signed employment agreements that impose obligations of confidentiality on the parties. Public filing of these materials would breach these contractual obligations and expose the parties to potential liability.

These confidentiality agreements are not mere boilerplate but represent legitimate contractual commitments to protect third-party confidential information. The agreements impose obligations that survive employment and require that confidential information not be disclosed to unauthorized parties without proper authorization.

Sealing these materials is necessary to comply with contractual obligations and to respect the confidentiality interests of third parties who are not parties to this litigation. Public disclosure would violate these third-party rights and could expose Plaintiff to breach of contract liability.

The Court may protect these contractual confidentiality interests by granting the requested sealing order, which will allow Plaintiff to use these materials in litigation while honoring binding confidentiality commitments.

6

**MOTION TO FILE DOCUMENTS UNDER SEAL**

# VII. LEAST RESTRICTIVE ALTERNATIVE: REDACTION AND PARTIAL SEALING

The Seventh Circuit requires courts to consider whether redaction, rather than complete sealing, would protect the sensitive information while maintaining public access to the remainder of the record. Courts should consider redaction as an alternative to sealing, consistent with the principle that sealing orders should be no broader than necessary.

Plaintiff will file redacted public versions of all documents with only the most sensitive portions sealed. The redacted public versions will show the substance of the documents while redacting personal identifying information, medical details, trade secrets, and contractually confidential information. This approach mitigates public access concerns by ensuring that the public can review the substance of the litigation while protecting the specific sensitive information that qualifies for sealing.

For certain exhibits, redaction alone would be insufficient because, they are completely identifiable even with redaction and could easily be subject to fraud or other circumstances. In these cases, the exhibits consist predominantly or entirely of sensitive information such that redaction would leave only a shell document with no meaningful content. For these exhibits, sealing is the appropriate alternative.

This partial sealing approach demonstrates that Plaintiff is not seeking wholesale sealing of court papers but rather a narrowly tailored sealing order that protects only specifically identified sensitive materials while maintaining maximum public access to the litigation record.

7

**MOTION TO FILE DOCUMENTS UNDER SEAL**

## VIII. NARROW TAILORING AND REJECTION OF WHOLESALE SEALING

The Seventh Circuit explicitly rejects wholesale sealing of court papers and overbroad protective orders that allow parties to unilaterally decide what information remains confidential. The public's right to inspect judicial documents may not be evaded by blanket sealing. Instead, sealing must be specific, limited to particular documents or portions, and justified by particularized showing of compelling reasons.

This motion is narrowly tailored to protect only specifically identified categories of sensitive materials: personal identifying information, medical and school records, trade secrets and proprietary business information, and third-party confidential materials subject to contractual obligations. Plaintiff has provided document-by-document analysis and category-specific justifications for each type of sealed material.

This approach contrasts with the overbroad protective orders rejected in Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943 (7th Cir. 1999), which improperly delegated sealing decisions to the parties. Here, Plaintiff asks the Court to review and approve the specific categories of sealed materials, ensuring that the sealing order is no broader than necessary and that the Court retains control over what portions of the record remain sealed.

Plaintiff does not seek carte blanche authority to seal whatever materials Plaintiff wishes. Rather, Plaintiff seeks a court order specifying exactly what categories of information are sealed, for what duration, and under what conditions. This approach complies with Seventh Circuit requirements and respects the Court's role as the primary representative of the public interest in the judicial process.

8

**MOTION TO FILE DOCUMENTS UNDER SEAL**

## IX. TIME-LIMITED SEALING

Plaintiff requests that the sealing order remain in effect for ten (10) years from the date of the Court's order. After this period, all sealed documents will automatically become unsealed and available to the public unless the Court orders otherwise upon motion by the parties.

This time limitation demonstrates that Plaintiff is not seeking permanent sealing but rather temporary protection during the active litigation period and a reasonable period thereafter. Ten years provides protection during the pendency of this case, any appeals, and enforcement proceedings, while ensuring that the materials will ultimately become part of the public record.

The ten-year duration is narrowly tailored to the legitimate interests at stake. Personal identifying information, medical records, and trade secrets require protection during the period when disclosure would cause the greatest harm. After ten years, the sensitivity of much of this information will have diminished: business information may have become public or obsolete, personal circumstances may have changed, and the public interest in historical access to the complete record will outweigh the diminished privacy and competitive interests.

This temporal limitation further demonstrates that the requested sealing order is no broader than necessary and complies with the Seventh Circuit's strict scrutiny of sealing requests.

## X. PERMITTED ACCESS

Plaintiff requests that access to sealed documents be limited to: (1) the parties to this case (Patrick Karpowski and Reddit Inc.); (2) counsel of record for each party and their support staff; and (3) court personnel, including the assigned judges and court clerks with duties relating to case management.

9

**MOTION TO FILE DOCUMENTS UNDER SEAL**

This limited access preserves the litigation process by ensuring that the parties, their attorneys, and the Court have full access to all relevant materials. At the same time, it protects the sensitive information from public disclosure while the sealing order remains in effect.

Any other party or person may petition the Court for access to sealed documents by filing a motion demonstrating good cause. This provision ensures that the sealing order does not improperly restrict access for parties with legitimate interests while maintaining protection for the sensitive materials.

## XI. PROCEDURAL COMPLIANCE

This motion complies with all applicable procedural requirements. Plaintiff has served this motion on all parties to this case, specifically Reddit Inc., in accordance with Federal Rule of Civil Procedure 5 and Local Rule 5.10 of the Central District of Illinois. A Certificate of Service is filed contemporaneously with this motion.

Local Rule 5.10 requires litigants to consider redacting or filing a motion to file under seal any document that contains information that might bring harm to anyone or should not be made public for law enforcement or security reasons. The rule emphasizes avoiding wholesale sealing and requires specific justification. When documents are sealed, a redacted public version should be filed contemporaneously. C.D. Ill. L.R. 5.10.

Plaintiff has complied with Local Rule 5.10 by: (1) identifying specific categories of information that would cause harm if made public; (2) providing specific justifications for each category rather than generic assertions of confidentiality; (3) committing to file redacted public versions with only the most sensitive portions sealed; and (4) narrowly tailoring the sealing request to avoid wholesale sealing.

10

**MOTION TO FILE DOCUMENTS UNDER SEAL**

A proposed order is submitted with this motion, specifying exactly what materials are sealed, the duration of the seal, permitted access, and filing procedures. The proposed order is drafted to facilitate the Court's review and approval of the specific terms of the sealing order.

## XII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion to File Documents Under Seal. Plaintiff has demonstrated compelling reasons for sealing the specified categories of information: privacy interests in personal identifying information and medical/school records; trade secret protection for proprietary business information; and contractual confidentiality obligations for third-party materials.

The requested sealing order is narrowly tailored, limited in duration to ten years, and accompanied by redacted public versions that maintain maximum public access while protecting sensitive information. This approach complies with Seventh Circuit requirements and Local Rule 5.10.

Plaintiff requests that the Court:

1. Grant this Motion to File Documents Under Seal;

2. Approve the ten-year sealing period with automatic unsealing thereafter unless the Court orders otherwise upon motion;

3. Permit Plaintiff to file the specified documents under seal with simultaneous filing of redacted public versions; and

11

**MOTION TO FILE DOCUMENTS UNDER SEAL**

Respectfully submitted,

Dated: May 31, 2026



Patrick Karpowski

Pro Se Plaintiff

190 Yordy Rd, Morton Il 61550

231-709-3046

lawrecorder@gmail.com

**MOTION TO FILE DOCUMENTS UNDER SEAL**